Filed 4/10/26  P. v. Lewis CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085332 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SWF002212) |
| DANTE MAURICE LEWIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, Frederick Paul Dickerson III, Judge.  Affirmed.

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Chief Assistant Attorneys General, Arlene A. Sevidal and Arlyn Escalante, Deputy Attorneys General, for Plaintiff and Respondent.

Dante Maurice Lewis contends the trial court abused its discretion in denying his request to strike his prior strike conviction, denying his request to dismiss his "nickel prior," and failing to impose the low term during his Penal Code sections 1172.7 and 1172.75 resentencing hearing.

As to the strike prior, the trial court properly considered the relevant circumstances and did not abuse its discretion in concluding Lewis is not outside the spirit of the Three Strikes law. It also did not err in declining to dismiss his nickel prior because his criminal history demonstrates he poses a future danger to society, despite his rehabilitation. Finally, given the attenuated connection between the section 1170(b)(6) mitigating factors and Lewis' commission of the offenses of which he was convicted, the court was justified in not applying the low-term presumption. We thus affirm.

## I.

Roughly 20 years ago, Lewis was convicted of five counts of second degree robbery and sentenced to a total prison term of 47 years and four months. As to the principal count, he was sentenced to the upper term of five years, doubled to 10 years given his strike prior, with a 10-year section 12022.53(e)(1) firearm enhancement. He was sentenced to the middle term of three years, doubled to six years and reduced by one-third to two years, for each of the remaining four counts, with section 12022.53(e)(1) enhancements adding three years, four months to each. The court also imposed but stayed five section 186.22(b) gang enhancements. Lewis received an additional five years for a nickel prior (§ 667(a)) and one year for a prison prior (§ 667.5(b)). All the terms were to run consecutively. His prior convictions included a 1991 theft-related crime and a 1992 federal bank robbery, the latter of which is both a serious felony (§ 667(a)) and a serious and violent felony (§§ 667(c) & (e)(1), 1170.12(c)(1)).

In September 2023, the trial court recalled Lewis' sentence and struck his one-year section 667.5(b) enhancement as legally invalid. The court also granted defense counsel's motion to continue the resentencing hearing.

2

In 2024, the court denied Lewis' motion under sections 1172.7 and 1172.75 and declined to dismiss Lewis' strike prior, strike the nickel prior, or impose the low term. In his sentencing brief and during the hearing, Lewis argued he was entitled to this relief given his childhood trauma, substance abuse, gang involvement, rehabilitation efforts in prison, age, and support system. The People opposed Lewis' motion given his criminal history and the circumstances of the present offense, including firearm use and gang affiliation. The court concluded Lewis did not fall outside the spirit of the Three Strikes law because of the serious nature of the present crime, his nonchalant attitude toward the robberies, and his criminal history outweighed his rehabilitation efforts. It denied his request to dismiss the nickel prior because Lewis' prior criminal conduct "continues to make him . . . a serious danger to others" despite his rehabilitation. The court also reimposed the upper term on the principal count.

II.

Lewis contends the trial court erred in declining to dismiss his strike prior, in declining to dismiss his nickel prior, and in failing to impose the low term during his resentencing hearing.

A.

Lewis argues the trial court abused its discretion by not dismissing his strike prior because it is remote and was committed when he was young, placing him outside the spirit of the Three Strikes law. We conclude otherwise.

We review rulings under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 for abuse of discretion. (See *People v. Williams* (1998) 17 Cal.4th 148, 152.)

Under section 1385(a), a court may "strike prior felony conviction allegations in cases brought under the Three Strikes law" "in furtherance of justice." (*Romero*, 13 Cal.4th at pp. 529-530.) In exercising its discretion, the trial court must consider the nature and circumstances of the defendant's present and prior serious or violent felonies, background, character, and prospects to determine if the defendant falls outside of the scheme's spirit. (*Williams*, 17 Cal.4th at p. 161.) The circumstances must be extraordinary to conclude a defendant falls outside the scheme's spirit, and even more extraordinary where no reasonable person could disagree such is the case. (*People v. Carmony* (2004) 33 Cal.4th 367, 378.)

Here, the trial court did not abuse its discretion because it properly considered the nature of Lewis' past and present crimes, his completed self-help courses, and his background in deciding he did not fall outside the spirit of the Three Strikes law.

As to the present crime, the trial court concluded "[t]he nature of the crime is as serious as it gets" because Lewis pulled a firearm on his robbery victims and then participated in a high-speed car chase that risked harming innocent people.

The court also appropriately considered Lewis' criminal history, explaining he "has spent the vast majority of his life committing crimes." Lewis contends his strike prior is remote because it occurred over 23 years ago; however, "[a] prior strike conviction is not considered 'remote' for the purposes of mitigation where the defendant has not demonstrated a prolonged period of rehabilitation (a crime free life) in the interim." (*People v. Vasquez* (2021) 72 Cal.App.5th 374, 390.) Lewis has been incarcerated since his conviction in 2005 and thus has had no opportunity to commit additional crimes or, conversely, demonstrate an ability to live a crime-free life. (See

4

*ibid.*)  In fact, his criminal history indicates the contrary, as some of his past crimes were committed while on parole, on probation, and following imprisonment.  In 2002, Lewis committed the present offense shortly after his release from serving a more than 10-year prison term for his 1992 federal bank robbery conviction.  Therefore, Lewis' strike prior is not remote.

The trial court also acknowledged mitigating factors, including the many self-help programs Lewis completed, his difficult background, and his age (31 years old) at the commission of the offense.  The court "read and considered" his brief for resentencing, which addressed his accomplishments while in prison and his background.  But the mere presence of some mitigating circumstances does not compel dismissal of a prior strike.  (See *People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1109.)

Lewis relies on *People v. Avila* (2020) 57 Cal.App.5th 1134, 1145, where the court found the defendant outside the spirit of the Three Strikes law, to argue the court abused its discretion here.  In *Avila*, the defendant was found guilty of attempted second degree robbery and attempted extortion— nonviolent crimes—when he demanded a fruit vendor pay him rent and destroyed several bags of oranges when the vendor refused to pay.  (*Id.* at pp. 1138, 1142-1143.)  The trial court refused to strike the defendant's strike priors—a second degree robbery and assault with a knife committed when the defendant was 18 years old and a second degree robbery committed when the defendant was 20 years old—that were 28 and 26 years past, respectively, at the time he committed the current offense.  (*Id.* at p. 1141.)  In reversing, *Avila* noted the defendant was under the age of 21 when he committed the priors and committed only a few misdemeanors after he was released from prison in 2011 until the 2018 offense.  (*Id.* at pp. 1141, 1143.)

Lewis argues that, as in *Avila,* his age should be considered a mitigating circumstance.  But age alone is not dispositive, and the facts of this case differ from those in *Avila*.  (See *Avila*, 57 Cal.App.5th at p. 1144.)  In *Avila,* the latest offense was a nonviolent attack without weapons or threats, whereas here, the present offense is a violent crime involving the use of firearms and threats.  (*Id.* at pp. 1142, 1144.)  As the People note, one of the bank tellers testified Lewis pointed a gun at her head and told her: "'You can push any buttons that you want, because I'm not afraid to use this gun.'" (Citing *People v. Pierce* (Nov. 6, 2007, D050392) [nonpub. opn.]; see Cal. Rules of Court, rule 8.1115(b)(2).)  Additionally, the *Avila* defendant had no felony offenses for a decade; conversely, here, shortly after release from his prior strike, Lewis committed the present crime.  (*Id.* at p. 1143.)  Accordingly, *Avila* does not help Lewis.

Considering the above relevant factors in their totality, the trial court found the aggravating circumstances outweighed the mitigating circumstances and thus concluded Lewis does not fall outside the spirit of the Three Strikes law.  Therefore, it did not abuse its discretion in declining to dismiss his strike prior in the furtherance of justice.

B.

Lewis contends the trial court erred in declining to strike his nickel prior.  We disagree.

As relevant here, under section 1385(c)(1), "the court shall dismiss an enhancement if it is in the furtherance of justice to do so."  In exercising its discretion, the trial court must give great weight to evidence demonstrating the presence of enumerated mitigating circumstances.  (§ 1385(c)(2).)  Such evidence weighs heavily in favor of dismissal unless the court finds dismissal would endanger public safety.  (*Ibid.*; see also *People v. Walker* (2024)

6

16 Cal.5th 1024, 1036.) "Endanger public safety" means there is a likelihood dismissal "would result in physical injury or other serious danger to others." (§ 1385(c)(2).) Where a court finds dismissal would endanger public safety, it is difficult to see how it would further the interests of justice. (See *Walker,* at p. 1033.)

"Absent evidence to the contrary, we presume that the trial court knew the law and followed it." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042.) The record establishes the court read Lewis' sentencing brief and, after weighing his rehabilitation efforts against his criminal conduct in society, the serious nature of the present crime, and his nonchalant attitude toward the robberies, determined he remains a danger to society. On this record, that determination was supported by substantial evidence.

Lewis contends the phrase "unreasonable risk of danger" has a specific meaning under the Penal Code, referring to the unreasonable risk a defendant will commit a super strike. (See § 667(e)(2)(c).) However, section 1385(c)(2) specifically defines the term "endanger public safety," so we need not look to other statutory definitions.

We cannot conclude the weight the court afforded to the mitigating and aggravating factors was "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, 33 Cal.4th at p. 377.) Because dismissal of an enhancement is only in the furtherance of justice if it does not endanger public safety, the trial court's conclusion that Lewis is "a serious danger to others" demonstrates dismissal is not in furtherance of justice. (See *Walker*, 16 Cal.5th at p. 1033.) Therefore, the court did not abuse its discretion in declining to dismiss the nickel prior.

## C.

Finally, Lewis contends the trial court abused its discretion by failing to impose the low term under section 1170(b)(6). We conclude the court did not abuse its discretion in not applying the low-term presumption here because Lewis failed to establish the necessary connection between his childhood trauma and age and the commission of the offense.

When an enumerated mitigating circumstance, including childhood trauma or youth, was a contributing factor to committing an offense, the court should impose the low term unless it "would be contrary to the interests of justice" because the aggravating circumstances outweigh the mitigating circumstances. (§ 1170(b)(6)(A), (B).) The low term is only presumptive when the above criteria are satisfied. (§ 1170(b)(6); *People v. Hilburn* (2023) 93 Cal.App.5th 189, 205.)

Lewis explains he was raised by a drug-addicted mother and an alcohol-addicted grandmother and surrounded by poverty and gangs, which drove him to join a gang in his youth. Below, however, he failed to establish how his childhood trauma was a contributing factor to his robbery offenses. In its discretion, the court was entitled to find Lewis provided an insufficient factual basis to support the necessary connection between his trauma and his offenses. (See *Hilburn*, 93 Cal.App.5th at p. 205.) Therefore, the trial court did not abuse its discretion in declining to impose the low term under section 1170(b)(6).

### III.

We affirm.

CASTILLO, J.

WE CONCUR:

McCONNELL, P. J.

BUCHANAN, J.